Karen R. Baker, Justice, concurs. I concur in the decision to dismiss the appeal for lack of a final order. Although we are constrained to follow our holding in Ford Motor Co. v. Washington, 2013 Ark. 88, at 5 (Ford II), I write separately to point out that the circuit court may simply review the Ford opinions to remedy the order. In Ford II, we explained that “the judgment is not final because it does not set forth a specific dollar amount owed by Ford. Instead, the circuit court merely reproduced the jury’s answers to the interrogatories and gave no further guidance.” Id. After our remand in Ford II, Ford returned to the circuit court for entry of a final order. After entry of a revised order, Ford appealed, and the case returned for a third time to this court. Upon its return, in Ford Motor Co. v. Washington, 2013 Ark. 510, at 20, 431 S.W.3d 210, 222 (Ford III), in challenging the damages award, Ford sought a reduction in the compensatory-damages award. We disagreed and affirmed the circuit court’s order. In our holding, we reviewed the jury instructions and determined that the jury had stated in the interrogatory the damages due only from Ford Motor Company. Based on this, the circuit court entered its final order and the amount due from Ford Motor Company. We affirmed and held that “[ajbsent evidence to the contrary, the jury is presumed to obey the instructions.” RHere, Williamson’s case is the same as presented on remand in Ford II, which we affirmed in Ford III. From the plain wording of the instructions in Williamson’s case, the jury was directed to record in interrogatory no. 5 the damages that were attributable to Baptist Health Medical Center and no other party. However, because circuit court judgments are the judgments that are executed on to recover money damages, we must dismiss this appeal so that the circuit court can enter a judgment that conforms with the majority’s opinion. Hart, J., joins.